**BI QI LI, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

No. 07–3072–ag.

United States Court of Appeals, Second Circuit.

April 23, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney 1 General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Frederick P.S. Whang, Seattle, Washington, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Anh–Thu P. Mai, Stephen J. Flynn, Senior Litigation Counsel, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JOSÉ A. CABRANES, Hon. CHESTER J. STRAUB, Circuit Judges.

### SUMMARY ORDER

Petitioner Bi Qi Li, a native and citizen of the People's Republic of China, seeks review of the June 20, 2007 order of the BIA affirming the June 11, 1999 decision of Immigration Judge ("IJ") Larry R. Dean, denying her application for asylum and withholding of deportation. *In re Bi Qi Li*, No. A73 649 865 (B.I.A. June 20, 2007), *aff'g* No. A73 649 865 (Immig. Ct. N.Y. City June 11, 1999). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA affirms the IJ's decision in all respects but one, we review the IJ's decision as modified by the BIA decision, i.e., "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating these findings as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Dong Gao v. BIA*, 482 F.3d 122, 126 (2d Cir.2007).

We find that the agency's adverse credibility determination was supported by

substantial evidence. *See Iouri v. Ashcroft,* 487 F.3d 76, 81–82 (2d Cir.2007). First, the IJ properly found that Li was not credible because the factual basis for her claim before the asylum officer differed entirely from her claim before the IJ. *See Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 398 (2d Cir.2005) (finding that it was proper for the IJ to "rely on the commonsense observation that it is inconsistent for a petitioner to respond to the same question about the nature of his asylum claim with two entirely different responses"). Contrary to Li's argument, the IJ "explicitly acknowledged" her explanation for the differences between the two applications and found it "unpersuasive." *Id.* at 399. Nothing in the record demonstrates that any reasonable adjudicator would have been compelled to reach the opposite conclusion. *See Majidi v. Gonzales,* 430 F.3d 77, 81 (2d Cir.2005).

Second, the IJ properly relied on Li's lack of corroboration for her claim. The IJ's finding that Li's abortion certificate did not support her claim because the word "abortion" was crossed out was not clearly erroneous, and the IJ did not err in rejecting Li's explanation. *See Siewe v. Gonzales,* 480 F.3d 160, 167–68 (2d Cir. 2007); *Majidi,* 430 F.3d at 80–81.

In addition, because the IJ already questioned the credibility of Li's testimony, it was not improper for him to rely on the absence of her husband's testimony as further support for his adverse credibility determination. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 341 (2d Cir.2006); *see also Kanacevic v. INS,* 448 F.3d 129, 137 (2d Cir.2006).

█ Because substantial evidence supports the adverse credibility determi-

nation, the agency's denial of Li's asylum application was not improper. Furthermore, because the only evidence of a threat to Li's life or freedom depended upon her credibility, the adverse credibility determination necessarily precluded success on her claim for withholding of deportation. *See Paul v. Gonzales,* 444 F.3d 148, 156–57 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, petitioner's pending motion for a stay of removal in this petition is DISMISSED as moot.